52 287|
|134 460|

# Caverow *versus* The Mutual Benefit Life Insurance Company.

1. Lord gave a deed absolute on its face to the plaintiff, which was in fact a mortgage, and a defeasance was executed but not put on record. Lord afterwards released his equity of redemption to the mortgagee. The deed as between the parties and every one having notice became absolute.

2. On application of the parties an Act of Assembly was passed, releasing the rights of the Commonwealth, and declaring the estate conveyed by the deed effectual, notwithstanding the grantee was a foreign corporation. *Held*, that the act was a conveyance by matter of record, and settled the title in the grantee.

3. No rights of any person but the parties applying for the act having vested, it was constitutional.

ERROR to the District Court of *Philadelphia*.

This was an action of covenant, commenced December 1st 1860, on a ground-rent deed, by The Mutual Benefit Life Insurance Company of Newark, N. J., assignee of Joseph L. Lord, against William Caverow, with notice to John McKee, terre-tenant.

Joseph L. Lord, who was the owner of fifty-two ground-rents out of as many contiguous lots, being indebted to the company, and contemplating additional advances, to the extent in the whole of $30,000, agreed to convey to them these ground-rents; they to execute a defeasance, showing that the conveyance was but a mortgage. The deed was delivered November 21st 1854, but the defeasance was not executed. On the 1st of December after, Joseph Alison, at the instance of Lord, assigned to the company a mortgage dated October 13th 1852, for $4000, which he held against Lord, covering the premises out of which the ground-rents issued. Afterwards Lord, by his bill in the Supreme Court setting out the facts, prayed that the company might be decreed to execute and deliver a defeasance, and, the company admitting the allegations, a decree was made January 15th 1858, directing a defeasance, which should be recorded with the deed of November 21st 1854, and both instruments to operate as a mortgage. A defeasance dated December 31st 1857, and acknowledged January 5th 1858, was delivered and filed in the cause, but not recorded till October 6th 1862. The company on the 28th of January 1859 entered judgment against Lord for $8000 (the penalty) on the bond accompanying the Alison mortgage. On the 2d of April 1860, an Act of Assembly was passed, enacting that Lord's deed of November 21st 1854 (and a deed from other persons for different property) be and the same "are declared to be valid and effectual conveyances in the law for the purpose of vesting in the said Life Insurance Company, the grantee in them named, the estate by the said deeds conveyed, notwithstanding the fact that the said grantee is a corporation foreign to the state of Pennsylvania, and that any and all rights of escheat, existing in the

[Caverow *v.* Mutual Benefit Life Insurance Co.]

Commonwealth, if any such there be by reason of such conveyances, be and the same are hereby released ; so that the said deeds shall have the like effect in law in all respects as if the said corporation had been authorized by law to receive the estate by such deeds conveyed."

On the 3d of November 1860, a foreign attachment in the Supreme Court was issued by the American Exchange Bank of New York against Lord, and Bevan (the owner of the land out of which the rents issued), garnishee, in which judgment on verdict for $17,655.47 was rendered for the plaintiff, July 25th 1862.

On the 4th of October 1862 Lord filed a supplemental bill, averring that shortly after the making of the said defeasance, in the month of March 1858, it came to be clear to the complainant and the proper officers of the insurance company, that the actual value of the premises described in the said deed and defeasance did not exceed nor probably equal the amount of his indebtedness, and thereupon it was expressly agreed between them that an application should be made to the legislature for the passage of an act to authorize the said Mutual Benefit Life Insurance Company, which was a foreign corporation, to hold in fee the estate conveyed to them by the said deed of November 21st 1854, and that an act was accordingly passed and approved on the 2d of April 1860, and the bill set out the foregoing act.

The bill further alleged that "immediately after the passage of the Act of Assembly, the defeasance was surrendered and given up to the Life Insurance Company, and was *deemed and treated* to have been cancelled and extinguished, and the debt due to the company to have been paid by the real estate conveyed in the year 1854; and thereupon the Life Insurance Company assumed the actual ownership of the said real estate, and from that time have been deemed to be and have been in fact its actual owners in fee." And it prayed that the decree already recited should be vacated, and that the court provide by a decree that the estate of the Life Insurance Company " shall stand, be and remain as an absolute estate in fee in pursuance of and in accordance with the understanding, arrangement and agreement of the parties."

On the same day (October 4th 1862), the answer of the defendants was filed, admitting the truth of these averments.

The court made the decree as prayed for, October 4th 1862, and directed the deed, defeasance and the former and the present decrees to be recorded together in the office of the recorder of deeds, Philadelphia : which was done October 6th 1862.

The estate of Lord in the fifty-two ground-rents was sold by the sheriff on the 2d of March 1863, to Thomas Martin for $3900, under the judgment in the foreign attachment.

The court below (Sharswood, P. J.) reserved the question

[Caverow v. Mutual Benefit Life Insurance Co.]

whether the plaintiffs have any right to recover a verdict on the evidence, and submitted as a question of fact to the jury whether there was an agreement founded on a valuable consideration by Lord, to release the equity of redemption before the issuing of the attachment, and affirmed the defendant's first three points, viz. :—

" 1. That the deed of November 21st 1854, with its accompanying defeasance, amounts to a mortgage only, and that the plaintiffs thereby acquired no such title or estate as to enable them to maintain this suit in their own names.

" 2. That the Act of April 2d 1860, merely tolled the right of escheat in the Commonwealth, but did not transfer any estate from Joseph L. Lord to the plaintiffs.  Such a construction would make the act unconstitutional.

" 3. That the supplemental bill in equity, filed October 4th 1862, and the decree thereon, two years after the above suit was commenced, cannot affect the defendants, who were not parties thereto, and that it has no relation back so as to give plaintiffs a title now to maintain this suit if they had none when suit was commenced."   And denied the remaining points, viz. :—

" 4. That these ground-rents are incorporeal hereditaments, and cannot pass without deed.  That no such deed has been shown by plaintiffs as would convey to them the legal estate, and therefore they cannot maintain this suit, and the verdict must be for the defendants.

" 5. That plaintiffs at most are mortgagees only, and therefore they are lien-creditors, but as they cannot sue in their own names for the rent due to Joseph L. Lord, the mortgagor, the verdict must therefore be for defendants.

" 6. That the rents now sued for were duly attached as the property of Joseph L. Lord, by writ of foreign attachment, prior to the commencement of this suit, and that they were thereby sequestered in the hands of the tenants, defendants, which attachment does not appear to be satisfied or dissolved, and therefore this suit ought to abate ; their verdict should, therefore, be for defendants."

Defendant assigned for error the answers to the last three points.

The verdict was for the plaintiff for $516.

*W. H. Rawle* and *L. Stover*, for plaintiffs in error.—The transaction of November 21st 1854, was no more than a mortgage : 1 Kent Com. 141 ; Rhines *v.* Baird, 5 Wright 263.   A mortgage passes no estate : Presbyterian Corporation *v.* Wallace, 3 Rawle 128 ; Spencer's Case, 1 Sm. L. Cas. 137, note.

The decree under the supplemental bill could not change a

2 P. F. Smith—19

mortgage into a fee simple estate so as to affect the rights of third persons.

If the Act of April 2d 1860 designed to create an estate in the plaintiff, it would be unconstitutional as impairing vested rights: Vanhorn *v.* Dorrance, 2 Dallas 310, 311; Satterlee *v.* Matthewson, 13 S. & R. 133.

The act designs only to toll the escheat of the Commonwealth. It could not divest an estate from one to vest it in another: Menges *v.* Dentler, 9 Casey 495; Geddes *v.* Brown, D. C., 20 Leg. Int. 324 (October 9th 1863). The equity of redemption cannot be released and the mortgage turned into an absolute conveyance by parol: Rankin *v.* Mortimere, 7 Watts 375; Kunkle *v.* Wolfsberger, 6 Id. 126; Friedley *v.* Hamilton, 17 S. & R. 74; Todd *v.* Campbell, 8 Casey 251; Reitenbaugh *v.* Ludwick, 7 Id. 131; Brown *v.* Nickle, 6 Barr 391; Colwell *v.* Woods, 3 Watts 188; Kerr *v.* Gilmore, 6 Id. 405; Woods *v.* Wallace, 10 Harris 171; Garver *v.* McNulty, 3 Wright 485. Lord's mortgage was unrecorded and the land was sold to a *bonâ fide* purchaser without notice: Jacques *v.* Weeks, 7 Watts 261; Hibberd *v.* Bovier, 1 Grant 266; Wilson *v.* Shoenberger, 10 Casey 121; Uhler *v.* Hutchinson, 11 Harris 111.

*T. Cuyler* and *J. A. Clay*, for defendants in error, cited Sharpless *v.* Mayor of Philadelphia, 9 Harris 147, 163; Norris *v.* Clymer, 2 Barr 277; Commonwealth *v.* McWilliams, 1 Jones 61; Satterlee *v.* Matthewson, 2 Pet. 388; Kneass's Appeal, 7 Casey 87; Tilghman's Estate, 5 Wh., as to the validity of the act; Commonwealth *v.* Moltz, 10 Barr 527, 530; Am. note to 2d Smith's Leading Cases, 467, citing Stephen *v.* Baird, 9 Cowan 374, and other cases; Dazell *v.* Odell, 3 Hill 319; 4 Kent Comm. 261*; Brown *v.* Wheeler, 17 Conn. Rep. 345; Hill *v.* Epley *et al.*, 7 Casey 331, as to estoppel; Britton's Appeal, 9 Wright 172; Spear *v.* Evans, 11 Id. 141; Kramer *v.* Arthurs, 7 Barr 165; Sergeant *v.* Ingersoll, Ib. 340, 3 Harris 343; note to Basset *v.* Nosworthy, 2 White & Tud. Leading Cases in Equity, part 1, and cases cited, as to notice: also Ackla *v.* Ackla, 6 Barr 228; Thomas's Appeal, 6 Casey 378.

The opinion of the court was delivered, May 15th 1866, by

READ, J.—The deed of Joseph L. Lord of the 21st of November 1854, was absolute on its face, and conveyed to the plaintiffs fifty-two ground-rents payable out of fifty-two contiguous lots of ground in fee simple. This deed was recorded at Philadelphia. It however appeared that it was in reality a mortgage, and a defeasance was executed, but not placed upon record in the usual way, although all the proceedings in relation to it were on the equity side of this court. Subsequently the mortgagor, finding

[Caverow *v.* Mutual Benefit Life Insurance Co.]

the mortgaged premises were not more than sufficient to pay the mortgage-debt, released his equity of redemption to the mortgagees; the jury in the court below finding that the agreement by Lord for a valuable consideration to release the equity of redemption was before the issuing of the attachment. It was in fact in January 1860. From that moment as between these parties the deed became an absolute one, and such also would be the character to every one having actual notice of the transaction: Britton's Appeal, 9 Wright 172. In order to carry the agreement and release into full effect upon the application of these parties, the legislature passed an act on the 2d April 1860, Pamph. L. 555, relating to certain ground-rents, that this deed of conveyance should be a valid and effectual conveyance in the law for the purpose of vesting in the said life insurance company the estate by the said deed conveyed, notwithstanding the fact that the said grantee is a corporation foreign to the state of Pennsylvania, and the rights of the Commonwealth are thereby released.

This act is a conveyance by matter of record, and it is a mode of assurance frequently resorted to, and such an act in England by the 13 & 14 Vict. c. 21, sect. 7, is a public act, and is judicially taken notice of as such: 1 Stephens Com. 614.

Such acts in Pennsylvania are printed with the public laws, and used as evidence without further proof, and are enrolled in the office of the secretary of the Commonwealth as a perpetual testimony of the powers and authorities contained therein. This act therefore, by the highest species of record conveyance, settled the title in the plaintiff, and precluded all claim on the estate thus vested, by subsequent attaching or judgment creditors of Mr. Lord.

The foreign attachment by the American Exchange Bank was not issued until the 3d November 1860, seven months after the final settlement of the title, and when not a shadow of title of any kind remained in Lord. All the subsequent proceedings under it, including the sheriff's sale and the purchase by Martin, of course conveyed no title, and the defence therefore set up under the cover of the owner of the ground, out of which the ground-rent issues and is payable, falls to the ground.

The answer, therefore, of the court below to the 2d point, was erroneous, because the act did convey in fact or confirm the estate to the plaintiffs, and was clearly constitutional, for it affected no vested right of any person, but of the parties themselves at whose request this law was enacted.

This now affirms the decision of the court below, but for a different reason.

Judgment affirmed.